IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BETTY L. W.,[1]

    Plaintiff,

v.

COMMISSION OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

Civ. No. 6:17-cv-01535-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff Betty W. brings this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Title II Widow's Insurance Benefits under the Social Security Act. Because the Commissioner concedes error, and

---

[1] In the interest of privacy, this opinion uses only the first name and initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION AND ORDER

because remand for additional findings is unnecessary, the Commissioner's decision is reversed and this case is remanded for the immediate payment of benefits.

## PROCEDURAL BACKGROUND

On January 7, 2014, plaintiff applied for Widow's Insurance Benefits, alleging that she is the surviving wife of Fay W., a deceased wage earner. Tr. 20-23. Her application was denied initially and upon reconsideration. Tr. 29-31, 35-36. On April 26, 2016, a hearing was held before an Administrative Law Judge ("ALJ"). Tr. 156-70. Plaintiff was represented by counsel and testified.[2] *Id.* On May 18, 2016, the ALJ issued a decision finding that plaintiff was not married to Fay W. at the time of his death and therefore not entitled to Title II benefits. Tr. 10-17. After the Appeals Council denied her request for review, plaintiff filed a complaint in this Court. Tr. 3-6.

## STATEMENT OF FACTS

Born on November 22, 1946, plaintiff was 67 years old as of the application date and 69 years old at the time of the hearing. Tr. 21. Plaintiff was found disabled by the Social Security Administration on December 21, 2005, and has been receiving Title II benefits under her own account since May 1, 2004. Pl.'s Reply Br. 9 n.3 (doc. 20). Plaintiff alleges that she was married to Fay W. in Hot Springs, Arkansas, on January 29, 1976, by a justice of the peace named Don Edwards. Tr. 65, 161. She alleges further that she lived with Fay W. as husband and wife, raising five children together, for 38 years until his passing on November 22, 2013. Tr. 61, 65-66, 161-62, 166.

---

[2] An administrative hearing was initially held on December 8, 2015; however, plaintiff was unable to attend because she was hospitalized and the hearing was postponed. Tr. 171, 173-74.

## STANDARD OF REVIEW

As it pertains to the issues in this case, a widow seeking disability benefits must prove that she is the unmarried surviving wife of a deceased wage earner and has attained age sixty. 42 U.S.C. §§ 402(e), 416(c).

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## THE ALJ'S FINDINGS

The ALJ first determined Fay W. "is a deceased wage earner, fully or currently insured under the Social Security Act, who was a permanent resident of the State of Oregon" at the time of his November 22, 2013, death. Tr. 11.

The ALJ found that plaintiff did not have a valid ceremonial marriage to Fay W. under the laws of Oregon because the marriage certificate she submitted "had been altered" and "there was

no record of a marriage between [plaintiff] and the deceased wage earner" in the "three possible counties where the marriage might have taken place." Tr. 12-15.

Next, the ALJ resolved that no non-ceremonial marriage existed because neither Oregon nor Arkansas recognize common law unions. Tr. 15-16.

Finally, the ALJ found that plaintiff did not have a valid deemed marriage to Fay W. because "there was no allegation of a legal impediment to [plaintiff's] purported marriage" and "the evidence suggests that a marriage ceremony did not take place, as there is no record or a marriage license or certificate between [plaintiff] and the deceased wage earner . . . in their former home state of Arkansas." Tr. 16. Accordingly, the ALJ denied plaintiff's application for benefits. *Id.*

## **DISCUSSION**

The Commissioner concedes the ALJ erred in finding that a valid deemed marriage did not exist and asks this court to remand for further proceedings because "[t]he ALJ did not fully consider whether plaintiff had a valid deemed marriage." Def.'s Resp. Br. 2, 4 (doc. 19). Plaintiff contends the record demonstrates the existence of a valid ceremonial marriage such that benefits should be awarded. Pl.'s Opening Br. 3-11 (doc. 13).

The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101-02 (9th Cir. 2014). A remand for an award of benefits is generally appropriate when: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed, there are no outstanding issues that must be resolved, and further administrative proceedings would not be useful; and (3) after crediting the relevant evidence,

"the record, taken as a whole, leaves not the slightest uncertainty" concerning disability. *Id.* at 1100-01 (citations omitted); *see also Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (summarizing the standard for determining the proper remedy).

Upon review of the record, the Court finds remand for the immediate payment of benefits is proper. The ALJ equated the lack of public record of marriage with a lack of marriage; however, the regulations make clear, especially when read in conjunction with the Social Security Administration's Programs Operation Manual System ("POMS"),[3] that the absence of a marriage license is not dispositive. *See* POMS GN 00305.030A ("[t]he absence of a record in the place where the marriage is alleged to have occurred will not in itself defeat the presumption" that a valid ceremonial marriage exists "where supporting evidence shows that the parties have lived together as husband and wife for many years").

Critically, 20 C.F.R. § 404.725 states that, if "preferred evidence of a valid ceremonial marriage" – i.e., a marriage license or certificate – "cannot be obtained," then an explanation from the claimant and "a signed statement of the clergyman or official who held the marriage ceremony, or other convincing evidence of the marriage" may be used. 20 C.F.R. § 404.725(b)-(c); *see also* POMS GN 00305.025B ("[i]f none of the preferred proofs of marriage can be obtained, accept secondary proof," which includes "[s]tatements from at least two persons who have knowledge that a ceremony took place" or "[o]ther evidence of probative value indicating a ceremony had taken place"); 20 C.F.R. § 404.709 ("[i]f preferred evidence is not available, we

---

[3] While the POMS does not have the force of law, it is persuasive authority. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1072-73 (9th Cir. 2010).

will consider any other evidence you give us" which may be considered convincing if it "all show[s] the same information").[4]

Here, plaintiff was unable to procure a genuine marriage license. She did, however, provide the requisite explanation and submitted statements from five individuals[5] – i.e., her daughter, son, stepson, sister, and childhood friend – with personal knowledge that a marriage ceremony took place in 1976. Tr. 64-65, 74-75, 83-87, 161, 167-69. This evidence is sufficient to establish a valid ceremonial marriage. 20 C.F.R. §§ 404.709, 404.725(c); POMS GN 00305.025B. Plaintiff also provided tax records, bank statements, loan applications, custody records, etc. evincing that she and Fay W. lived together as husband and wife for decades. Tr. 52-56, 88-95, 97-123. In February 1976, approximately three weeks after the alleged marriage ceremony took place, plaintiff filed a "Request for Change in Social Security Records" in order to assume Fay W.'s last name. Tr. 49. As such, it was improper for the ALJ to determine that

---

[4] Contrary to the Commissioner's assertion, the right to submit "other evidence of a ceremonial marriage" is not limited to "when there is a legal possibility of marriage, but an absence of evidence." Def.'s Resp. Br. 4 (doc. 19); Tr. 14. The plain language of the regulations and POMS reveal that other evidence of a ceremonial marriage is appropriately considered where, as here, preferred evidence is unavailable. 20 C.F.R. §§ 404.709, 404.725; POMS GN 00305.025B, 00305.030A. Indeed, the Commissioner's suggested interpretation would penalize claimants (like plaintiff) who have furnished copious proof of a ceremonial marriage.

[5] The ALJ rejected the third-party statements because "[n]one of the individuals were present when the alleged marriage took place." Tr. 15. In so finding, the ALJ committed legal error, as statements "of witnesses to the marriage ceremony" or "from at least two persons who have knowledge that a ceremony took place" can qualify as secondary proof of a valid ceremonial marriage. POMS GN 00305.025B. Furthermore, given the record before the Court, the ALJ's other rationale for rejecting plaintiff's secondary evidence – i.e., that plaintiff's children "were young at the time and assumed a marriage had taken place based on what they were told" – is inadequate. Tr. 15. Regardless, plaintiff presented statements from two adults. Thus, even excluding the children's third-party testimony, plaintiff still presented secondary evidence of a valid ceremonial marriage.

"there was no legal possibility" of a valid ceremonial marriage based exclusively on plaintiff's altered marriage license[6] and the lack of county records. Tr. 12-15.

On this issue, the record has been fully developed. The Commissioner acknowledges that "[p]laintiff presented evidence to support the existence of a ceremonial marriage," as well as "other evidence of probative value to support that she lived as a marital unit, with the wage earner, in good faith, for forty years." Def.'s Resp. Br. 5, 7 (doc. 19) (internal quotations omitted). There are no factual discrepancies for the ALJ to resolve.

## **CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for the immediate payment of benefits.

IT IS SO ORDERED.

DATED this __27th__ day of February 2019.

s/Michael J. McShane
_____
Michael J. McShane
United States District Judge

---

[6] As the Commissioner denotes, "[i]t is unclear who altered the document [but] there is no allegation of fraud towards plaintiff." Def.'s Resp. Br. 3 (doc. 19).

7 – OPINION AND ORDER